UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Erik Mishiyev,<br>    Plaintiff,<br><br>v.<br><br>YouTube, LLC and Sundar Pichai,<br>    Defendants. | Civil Action No.: _____<br><br>**Removed From:**<br>The Circuit Court of the 6th Judicial Circuit in and for Pasco County, Florida.<br>Case No.: 51-2024-CA-002726-CAAXES |

**DEFENDANTS YOUTUBE, LLC AND SUNDAR PICHAI'S
NOTICE OF REMOVAL**

Defendants YouTube, LLC ("***YouTube***") and Sundar Pichai ("***Mr. Pichai***") (collectively "***Defendants***") hereby remove this action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the basis of both federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446. The grounds for removal are as follows:

1.  On October 17, 2024, Plaintiff Erik Mishiyev ("***Plaintiff***") filed a four-count Complaint attempting to revive a lawsuit involving the same nucleus of operative facts (the removal of videos and termination of his channels on YouTube's video sharing platform due to repeated copyright infringement complaints by third-parties) which Plaintiff resoundingly lost in the Northern District of California, as affirmed by the Ninth Circuit Court of Appeals. *See Mishiyev v. Alphabet, Inc., et*

1

*al.*, 444 F.Supp.3d 1154 (N.D. Cal. 2020) (dismissing case pursuant to Rule 12(b)(6)), *aff'd* 857 F. App'x 907 (9th Cir. 2021), *cert. denied* 142 S.Ct. 873 (U.S. Jan. 18, 2022). Plaintiff's current Complaint involves the same conduct (YouTube removing his videos and terminating his channels for repeated copyright infringement accusations by third-parties) and purports to assert a federal claim for violation of 17 U.S.C. § 512(f) of the United States Copyright Act (Count III), along with three Florida state law claims for Intentional Interference with Business Relations (Count I), violation of Florida's Unfair and Deceptive Trade Practices Act (Count II), and Intentional Infliction of Emotional Distress (Count IV).

2. Plaintiff's Complaint names not only YouTube as a Defendant, but also inexplicably names Mr. Pichai, who is the Chief Executive Officer of Google LLC and Alphabet, Inc.—but not an officer of YouTube.

3. Plaintiff's current action was filed in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, and is currently pending as Case No. 51-2024-CA-002726-CAAXES (the "**State Court Action**").

4. The undersigned counsel attaches all process, pleadings, orders, and other documents filed in the State Court Action, along with a current copy of the State Court Action docket, as **Composite Exhibit A**, in accordance with 28 U.S.C. § 1446(a).

5. On October 28, 2024, YouTube's registered agent was served with a copy of the Summons and Complaint. (*See* Aff. of Serv., Comp. Ex A at Tab 6.)

6. Plaintiff's Affidavit of Service states that both YouTube and Mr. Pichai were served. However, the face of the Affidavit of Service shows service was only made on YouTube's registered agent. Hence, Mr. Pichai has not been served in this action.[1] In addition, the Complaint does not allege personal jurisdiction over Mr. Pichai. Nevertheless, given that Plaintiff's Complaint is meritless, his claims against YouTube are contractually required to be litigated in the courts of Santa Clara, California (in the unlikely event they are not barred), and given Plaintiff has no possible claim against Mr. Pichai in this action as shown by the face of the Complaint, Mr. Pichai makes a limited appearance to join with YouTube in removing this action and will join YouTube in moving to transfer this action to the proper California Court and in seeking dismissal. In doing so, Mr. Pichai reserves all rights and defenses, including lack of personal jurisdiction, lack of service and/or insufficient service.[2]

7. No proceedings have taken place in the State Court Action besides the filing of the Complaint, issuance of the Summons, filings concerning Plaintiff's indigent status, and filing of the Affidavit of Service. (*See* Comp. Ex A at Tab 1.)

---

[1] Plaintiff is required to effect personal service on Mr. Pichai, whom Plaintiff sues individually, and Plaintiff cannot do so by serving the registered agent for YouTube or any other company.
[2] Pursuant to 18 U.S.C. § 1446, Mr. Pichai is permitted to remove the State Court Action prior to Plaintiff effecting service on him.

3

8. Defendants remove this action to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to the provisions of 28 U.S.C. § 1441 on the grounds that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

9. First, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff purports to assert a claim for violation of the United States Copyright Act, namely 17 U.S.C. § 512(f). (Compl., Count III, ¶¶ 65-83.)[3] Federal courts have original and exclusive jurisdiction over such claims arising under the U.S. Copyright Act pursuant to 28 U.S.C. § 1338(a), which provides in relevant part:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights …. Such jurisdiction shall be exclusive of the courts of the states in … copyright cases.

28 U.S.C. § 1338(a). *See also Sullivan v. Naturalis, Inc.*, 5 F.3d 1410, 1412 (11th Cir. 1993) (for purposes of federal question jurisdiction under § 1338, an action arises under the Copyright Act when a plaintiff asserts a claim for violation of the Act or requiring construction of the Act). Here, the express allegations in Plaintiff's

---

[3] This is a subsection of the Digital Millennium Copyright Act which provides a cause of action for fraudulent takedown notices or counter-notices concerning alleged copyright infringement made to service providers like YouTube by third-party copyright owners or by the users of YouTube's services (but does not provide a cause of action against the service providers, *i.e.*, YouTube). *See* 17 U.S.C. § 512(f).

4

Complaint render this a civil action arising under the Constitution, laws, or treaties of the United States, specifically 17 U.S.C. § 512(f).

10. Second, this Court has supplemental jurisdiction over Plaintiff's state law causes of action because they "are so related to" Plaintiff's claims under 17 U.S.C. § 512(f) that they "form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

11. Third, this Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse as citizens of different states (Florida versus Delaware/California), and the amount in controversy alleged by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

12. Plaintiff is a Florida resident having an address of 6697 Emmy Lane, Apt 309, Wesley Chapel, Florida 33544. (Compl. ¶ 1, attached as Comp. Ex. A., Tab 2.)

13. Defendant YouTube, LLC is a limited liability company formed in Delaware with its principal place of business at 901 Cherry Ave, San Bruno, California 94043. (Compl. ¶ 2; *see also* Cal. Sec. of State Stmt. of Info. for YouTube, attached as **Exhibit B**.)

14. Google LLC is the sole member of YouTube, and is a limited liability company formed in Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. XXVI Holdings, Inc. is

the sole member of Google LLC, and is a corporation formed in Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. (Ex. B; Cal. Sec. of State Stmt. of Info. for Google & Del. Sec. of State listing for XXVI Holdings, attached as **Exhibit C**.)

15. Defendant Sundar Pichai is an individual domiciled in California. (*See* Compl. ¶3.)

16. Plaintiff seeks in excess of One Million Five Hundred Thousand Dollars ($1,500,000.00) in monetary damages, exclusive of interest and costs. (Compl. ¶ 5.)

17. Accordingly, the Court has original jurisdiction over this civil action pursuant to both 28 U.S.C. §§ 1331 and 1332(a)(1), and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

18. This Notice of Removal is timely because it is filed within thirty (30) days after YouTube was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

19. Neither YouTube nor Mr. Pichai have filed a responsive pleading or motion in the State Court Action.

20. YouTube's deadline to respond to the Complaint in this Court shall run for seven (7) days from the removal of this action, through and including November 25, 2024, unless otherwise extended by agreement of the parties or by the Court.

FED. R. CIV. P. 81(c)(2)(C). Because Mr. Pichai has not been served, he does not technically have a deadline to respond to the Complaint. Nevertheless, Mr. Pichai intends to join YouTube in moving to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a), and in moving to dismiss this action under Rule 12(b), reserving his rights to dismiss based on lack of personal jurisdiction, lack of service, and improper service, as well as all other relevant bases of dismissal.

21. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Florida, Tampa Division, is the venue for purposes of removing this action. The State Court Action was filed in the Pasco County Circuit Court, and that forum is embraced by this federal district and division.

22. By removing the State Court Action to this Court, Defendants do not concede that this Court is ultimately the proper venue for this action, and reserve their rights to seek to transfer the action to the United States District Court for the Northern District of California.

23. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiff and filed with the Clerk of the Circuit Court of Pasco County, Florida.

24. In filing this Notice of Removal, Defendants do not waive any defenses, counterclaims, rights to transfer or compel arbitration, or any other rights that may be available to them.

WHEREFORE, Defendants give notice that the State Court Action pending in the Pasco County Circuit Court has been removed from that court to this Court.

Respectfully submitted this 18th day of November, 2024.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Damon J. Whitaker*
Damon J. Whitaker, Esq.
Fla Bar. 0923591
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com

Ezequiel Romero, Esq.
Florida Bar No. 107216
200 Biscayne Boulevard, Suite 400
Miami, FL 33131-5354
Tel: (786) 322-7500
Email: ezequiel.romero@bclplaw.com

*Attorneys for YouTube, LLC and Sundar Pichai*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2024, a true and correct copy of the foregoing Notice of Removal was e-filed with the Court using the ECF System and was served on *pro se* Plaintiff via U.S. Mail and email addressed as follows:

>Erik Mishiyev
>6697 Emmy Lane, Apt 309
>Wesley Chapel, Florida 33544
>erikinc@icloud.com

>>*/s/ Damon J. Whitaker*
>>Damon J. Whitaker, Esq.