1  BRYAN CAVE LEIGHTON PAISNER LLP
2  Rachel Matteo-Boehm (California State Bar No. 195492)
   rachel.matteo-boehm@bclplaw.com
3  3 Embarcadero Center, 7th Floor
   San Francisco, CA 94105
4  Telephone:  (415) 675-3400; Facsimile:  (415) 675-3434

5  Damon J. Whitaker (*pro hac vice*)
   damon.whitaker@bclplaw.com
6  1201 W. Peachtree Street NW, 14th Floor
   Atlanta, GA 30309
7  Telephone:  (404) 572-6600; Facsimile:  (404) 572-6999

8
9  Attorneys for Defendants YOUTUBE, LLC and SUNDAR PICHAI

10              **UNITED STATES DISTRICT COURT**

11     **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

12  ERIK MISHIYEV,                          Case No. 24-cv-08661-WHA

13              Plaintiff,

14                                          **NOTICE OF MOTION AND MOTION TO
                                            DECLARE PLAINTIFF A VEXATIOUS
15      vs.                                 LITIGANT AND FOR ENTRY OF A
                                            PREFILING ORDER; MEMORANDUM OF
16  YOUTUBE, LLC and SUNDAR PICHAI,         POINTS AND AUTHORITIES
                Defendants.
17                                          *[Filed concurrently with Declaration of Counsel
                                            (with Exhibits 1-38), and [Proposed] Order]*
18
19                                          Hon. William H. Alsup

20                                          Action Filed:  October 17, 2024
                                            Transferred to this District:  December 3, 2024
21                                          Assigned to this Court:  January 10, 2025
                                            Hearing Date:  April 10, 2025
22                                          Hearing Time:  8:00 am
                                            Trial Date:  None
23

24                                          Documents Filed Herewith:
                                            (1) Index of Supporting Exhibits*
25                                          (2) Proposed Order

26
                                            *The Declaration of Damon J. Whitaker, Esq.,
27                                          with Exhibits 1-38, is being concurrently filed as
                                            a separate ECF entry
28

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center, 7th Floor
San Francisco, California 94111

Motion to Declare Plaintiff a Vexatious Litigant; MPA          Case No. 24-cv-08661-WHA

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR ENTRY OF PRE-FILING ORDER ............................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 2

I.    INTRODUCTION ................................................................................................................ 2

II.   RELEVANT FACTS AND PROCEDURAL HISTORY ..................................................... 2

    A.  Plaintiff's Vexatious Litigations Against Defendants ................................................ 2

        1.  Plaintiff's First Failed Action In This Court Against YouTube And Its Parent Companies. ........................................................................................... 2

        2.  Plaintiff's Abandoned Duplicative State Court Litigation Against Defendants. ......... 3

        3.  Plaintiff's Current Action Seeking To Circumvent *Mishiyev I*. ................................. 4

        4.  Plaintiff's Frivolous Appeals To Avoid This Court. .................................................... 4

        5.  Plaintiff's "Election Fraud Complaint" And Second M.D. Fla. Litigation. ................ 5

    B.  Plaintiff's Filed Lawsuits Against Third-Parties Involving His YouTube Channels. ....... 6

    C.  Plaintiff's Ongoing Harassment Of YouTube, Its Employees And Representatives. ....... 8

        1.  Plaintiff's Threats To Continue Filing Lawsuits And Appeals, Litigating Until He Dies, And Suing YouTube Officers Or Employees To Avoid The TOS Requirement To Litigate In California – Unless A Large Settlement Is Paid. .................................. 9

        2.  Plaintiff's Threats To Bring New Conspiracy And Class Action Lawsuits, And Add YouTube, Mr. Pichai, And Google To His Other Lawsuits. ..................................... 10

        3.  Plaintiff's Direct Threats To YouTube Employees And Defendants' Counsel. ........ 10

        4.  Plaintiff's Additional Threats Of Criminal Prosecutions And Contact With Government Agencies And Officials. ........................................................................ 11

        5.  Plaintiff's Threats Made In Communications Copying The Court. ........................... 12

III.  ARGUMENT AND CITATION OF AUTHORITY ............................................................. 13

    A.  Factor 1: Notice And Opportunity To Be Heard. ..................................................... 14

    B.  Factor 2: Adequate Record For Review. ................................................................... 14

    C.  Factor 3: Frivolous Or Harassing Filings And Conduct. ......................................... 15

    D.  Factor 4: Narrowly Tailored Order. ......................................................................... 19

IV.   CONCLUSION .................................................................................................................. 21

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

i

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

<u>Cases</u>

4

*Bates v City of San Jose*,
5
　　2021 WL 3727073 (N.D. Cal. Aug. 23, 2021),
　　*aff'd* 2023 WL 3034819 (9th Cir. April 21, 2023),
6
　　*cert denied* 144 S.Ct. 188 (Oct. 2, 2023) ........................................................................ 20

7

*Bruzzone v. Intel Corp.*,
8
　　2014 WL 4090470 (N.D. Cal. Aug. 19, 2014) .................................... 13, 14, 15, 16, 18, 19

9

*Cunningham v. Singer*,
　　2015 WL 124572 (N.D. Cal. Jan. 8, 2015) ............................................................. 16, 17

10

*Daria v. Sapient Corp.*,
11
　　2021 WL 3409243 (N.D. Cal. Aug. 4, 2021) ............................................... 13, 16, 19, 20

12

*De Long v. Hennessey*,
13
　　912 F.2d 1144 (9th Cir. 1990) ............................................................... 13, 14, 15

14

*DNA Sports Performance Lab, Inc. v. MLB*,
　　2022 WL 1092493 (N.D. Cal. April 12, 2022) ............................................................ 20

15

*Dydzak v. Cantil-Sakauye*,
16
　　603 F. App'x 622 (9th Cir. 2015) ....................................................................... 13

17

*Eng v. Wash. Mut. Bank, FA*,
　　2013 WL 622363 (N.D. Cal. Feb. 14, 2023) ................................................... 13, 14, 16

18

*Healy v. Phillips*,
19
　　1993 WL 4147192 (9th Cir. Oct. 18, 1993) ........................................................... 5

20

*Heredia v. TTM Techs., Inc.*,
21
　　2018 WL 3566869 (N.D. Cal. July 25, 2018) ........................................................ 13, 14, 17

22

*Hsu v. UBS Fin. Servs., Inc.*,
　　2022 WL 393206 (N.D. Cal. Feb. 8, 2022) ................................................... 13, 14, 15, 19

23

*Huggins v. Hynes*,
24
　　117 F. App'x 517 (9th Cir. 2004) ...................................................................... 14

25

*Jenkins v. Prime Ins. Co.*,
26
　　32 F.4th 1343 (11th Cir. 2022) ...................................................................... 5

27

*Knox v. Potter*,
　　130 F. App'x 918 (9th Cir. 2005) ..................................................................... 14

28

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

**Page(s)**

*Mishiyev v. Alphabet, Inc., et al.,*
444 F.Supp.3d 1154 (N.D. Cal. 2020) ..................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 15, 16, 20

*Mishiyev v. Alphabet, Inc., et al.,*
857 F. App'x 907 (9th Cir. 2021) ........................................................................... 2, 3

*Mishiyev v. Alphabet, Inc., et al.,*
142 S.Ct. 873 (U.S. Jan. 18, 2022) ........................................................................ 2, 3

*Molski v. Evergreen Dynasty Corp.,*
500 F.3d 1047 (9th Cir. 2007) ....................................................... 13, 14, 15, 17, 19

*Moore v. Wells Fargo Bank, N.A.*
749 F. App'x 624 (9th Cir. 2019) ................................................................................ 13

*Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.,*
210 F.3d 1112 (9th Cir. 2000) .................................................................................... 14

*Rodriguez v. Cook,*
169 F.3d 1176 (9th Cir. 1999) .................................................................................... 20

*Schafler v. HSBC Bank USA,*
310 F. App'x 181 (9th Cir. 2009) ........................................................................ 13, 14

*Scott v. Weinberg,*
2007 WL 963990 (W.D. Wash. March 26, 2007) ...................................................... 20

*Shek v. Children Hosp. Research Ctr. in Oakland,*
2013 WL 6512650 (N.D. Cal. Dec. 12, 2103) ........................................................... 13

*Stebbins v. Google LLC,*
2023 WL 6139454 (N.D. Cal. Aug. 31, 2023) ........................................................... 20

*Wood v. Santa Barbara Chamber of Commerce,*
705 F.2d 1515 (9th Cir. 1986) .................................................................................... 19

**Statutes**

28 U.S.C. § 1651(a) ................................................................................................... 13

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

iii

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

## NOTICE OF MOTION AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR ENTRY OF A PREFILING ORDER

**TO PRO SE PLAINTIFF ERIK MISHIYEV, AND THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, on April 10, 2025 at 8:00 am, or as soon thereafter as counsel may be heard, in the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 12 of the above-captioned Court,, located at 450 Golden Gate Avenue, San Francisco, California 94102, before The Honorable William H. Alsup, Defendants YouTube, LLC and Sundar Pichai (collectively, "***Defendants***") will and hereby move this Court for an Order declaring *pro se* Plaintiff Erik Mishiyev ("***Plaintiff***") a vexatious litigant and imposing a requirement that any future complaints filed by Plaintiff be subjected to prefiling review and payment of the filing fees. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Damon J. Whitaker, Esq. with Exhibits 1–38, and Proposed Order, all pleadings and papers on file in this action, and such other and further matters as the Court may consider.

Dated: February 21, 2025    **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Damon J. Whitaker*
    Damon J. Whitaker

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

1

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff is engaged in a six-year self-proclaimed litigation "war" against YouTube, LLC ("*YouTube*"), its parent and holding companies Google LLC and Alphabet, Inc., and Google and Alphabet's CEO Sundar Pichai ("*Mr. Pichai*") arising from the termination of Plaintiff's YouTube channels for violating YouTube's Terms of Service ("*TOS*"). In 2020, this Court squarely ruled Plaintiff had no claim against Defendants (which was affirmed on appeal), but Plaintiff continues trying to extort a settlement with threats of perpetually litigating YouTube's right to police its own video platform and filing duplicative lawsuits in different federal and state courts seeking to relitigate his lost claims.

Plaintiff's conduct in filing, and stated intent to re-litigate, the same claims based on the same facts against the same Defendants *ad infinitum* is dispositive of this motion, on its own. Yet Plaintiff is also harassing YouTube, Mr. Pichai, and their employees and representatives with threats of never-ending litigation, criminal prosecutions and agency investigations to extort an absurd $100 Million settlement. Plaintiff has gotten so bold as to now copy the Court on his harassing threats. Judicial intervention is necessary to bring an end to Plaintiff's personal vendetta, conserve judicial resources, and protect movants here from continued harassment. As set forth below, Defendants ask the Court to declare Plaintiff a vexatious litigant and enter an appropriate pre-filing screening order for any new complaints Plaintiff brings.

### II.    RELEVANT FACTS AND PROCEDURAL HISTORY

### A.    <u>Plaintiff's Vexatious Litigations Against Defendants.</u>

#### 1.    Plaintiff's First Failed Action In This Court Against YouTube And Its Parent Companies.

In 2019, Plaintiff unsuccessfully sued YouTube and its parent and holding companies, Google, Alphabet, and XXVI Holdings, Inc., in this District. *Mishiyev v. Alphabet, Inc., et al.*, 444 F.Supp.3d 1154 (N.D. Cal. 2020) (Alsup, J.) (dismissing action with prejudice), *aff'd* 857 F. App'x 907 (9th Cir. 2021), *cert. denied* 142 S.Ct. 873 (Jan. 18, 2022) ("*Mishiyev I*"). Plaintiff asserted claims for breach of YouTube's TOS, negligence, and tortious interference with contract

and prospective business based on the termination of Plaintiff's YouTube channels and removal of his videos for receiving a throng of third-party DMCA copyright infringement takedown notices. *Mishiyev I*, 444 F.Supp.3d at 1154, 1156. (*Accord* Whitaker Decl., ¶ 3 & Ex. 2.) Plaintiff's First Amended Complaint admitted he received numerous DMCA infringement notices, accused YouTube of suppressing his channels and content, challenged YouTube's application of its DMCA and video takedown/channel termination process, and sought to hold YouTube liable for terminating his YouTube channels. (Ex. 2 at ¶¶ 15-16, 18-19, 22-32.)

On March 13, 2020, this Court dismissed all of Plaintiff's claims with prejudice because the TOS authorized YouTube's removal of Plaintiff's videos and termination of his accounts. *Mishiyev I*, 444 F.Supp.3d at 1159-61. The Court rejected Plaintiff's allegations that YouTube retaliated against him for his "litigation threats," noted his mistreatment of YouTube employees, and further ruled that YouTube had sole discretion to determine if Plaintiff violated the TOS, remove Plaintiff's content, automatically reject Plaintiff's duplicative DMCA counter-notices, and terminate his channels. *Id.* at 1156, 1157-59. The Ninth Circuit affirmed the dismissal with prejudice in August 2021. *Mishiyev I*, 857 F. App'x 907. The U.S. Supreme Court denied Plaintiff's petition for certiorari in January 2022. *Mishiyev I*, 142 S.Ct. 873.

### 2.    Plaintiff's Abandoned Duplicative State Court Litigation Against Defendants.

Shortly after the Ninth Circuit affirmed this Court's dismissal in *Mishiyev I*, Plaintiff brought the same case against YouTube and Mr. Pichai in the Hillsborough County, Florida Circuit Court, 21-CA-07563 ("***Mishiyev II***"). (Whitaker Decl. ¶ 4 & Exs. 3-4.) *Mishiyev II* was based on the same termination of Plaintiff's YouTube channels and asserted the same tortious interference claim as *Mishiyev I*, but attempted to add a claim under Florida's Deceptive and Unfair Trade Practices Act ("***FDUTPA***"). (Ex. 4.) Plaintiff was denied indigent status, did not pay the filing fee, never submitted the summonses, and abandoned the case before serving YouTube and Mr. Pichai. (*See* Whitaker Decl. ¶ 5 & Ex. 3 at Dkt. 7 & 9.) *Mishiyev II* was dismissed without prejudice in May 2022. (*Id.* ¶ 6 & Ex. 3 at Dkt. 11.)

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

Motion to Declare Plaintiff a Vexatious Litigant; MPA    Case No. 24-cv-08661-WHA

**3.    Plaintiff's Current Action Seeking To Circumvent *Mishiyev I*.**

In October 2024, Plaintiff filed his current action against YouTube and Mr. Pichai in the Pasco County, Florida Circuit Court. (Compl., Dkt. 1-3 ("***Mishiyev III***").) Plaintiff's action in *Mishiyev III* repeats the same facts and story as *Mishiyev I-II*, reasserts the same tortious interference claim he lost in *Mishiyev I*, and adds three different legal theories based on the same facts that he could have asserted in *Mishiyev I*: 1) fraudulent DMCA takedown notices in violation of 17 U.S.C. § 512(f); 2) the same FDUTPA claim he abandoned in *Mishiyev II*; and 3) intentional infliction of emotional distress ("***IIED***"). (*See id*.) While *Mishiyev III* includes conduct occurring after *Mishiyev I*, it is merely a continuation of the conduct this Court already ruled was lawful: YouTube's termination of Plaintiff's channels for violating its TOS. (*See id.* ¶¶ 12-14, 30-32, 71.) Like *Mishiyev II*, this action is an obvious attempt to circumvent this Court's affirmed judgment in *Mishiyev I* and relitigate the dispute in an improper forum which Plaintiff believes would favor him.[1]

Defendants moved to dismiss *Mishiyev III* with prejudice on February 19, 2025. (Dkt. 48, "***Motion to Dismiss***".) As set forth in the Motion to Dismiss, *res judicata* bars this action in its entirety. (*Id.* at § IV.A.) The action is further barred because: 1) Section 512(f) does not provide a claim against Defendants; 2) all of Plaintiff's claims are barred by the TOS and by the First Amendment; 3) all of Plaintiff's state law claims are pre-empted by the U.S. Copyright Act and are barred by Section 230 of the Communications Decency Act; 4) all of Plaintiff's state law claims fail because Plaintiff does not, and cannot, allege facts establishing every necessary element; and 5) Plaintiff does not, and cannot, allege any personal actionable conduct by Mr. Pichai. (*Id.* at § IV.B.-F.) In short, Plaintiff's *Mishiyev III* action is abjectly meritless.

**4.    Plaintiff's Frivolous Appeals To Avoid This Court.**

Shortly after the transfer to this District, Plaintiff filed appeals to the Florida Second District Court of Appeals ("***Florida 2nd DCA***") and the U.S. Circuit Court of Appeals for the

---

[1] Defendants timely removed *Mishiyev III* to the Middle District of Florida ("***M.D. Fla.***"), and the M.D. Fla. properly transferred the action to this District based on the mandatory forum-selection clause in the TOS. (Dkt. 1; Dkt. 19 at 3-4, 5.)

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7ᵗʰ Floor
San Francisco, California 94111

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7ᵗʰ Floor
San Francisco, California 94111

Eleventh Circuit ("***Eleventh Circuit***"). Plaintiff frivolously attempted to appeal this action's removal to the M.D. Fla., but the Florida 2nd DCA dismissed his appeal for lack of jurisdiction on January 30, 2025. (Whitaker Decl. ¶¶ 8-9 & Exs. 5-6.) Plaintiff also frivolously attempted to appeal to the Eleventh Circuit the M.D. Fla.'s transfer order to the N.D. Cal.. (*See id.* ¶ 10 & Ex. 7.) That appeal was procedurally improper[2] and substantively meritless because the M.D. Fla. properly followed the line of unbroken cases enforcing YouTube's TOS by transferring cases like Plaintiff's to this District.[3] The Eleventh Circuit never reached those fatal flaws because it dismissed the appeal on January 3, 2025 for lack of prosecution and has more than once rejected Plaintiff's attempts to reinstate the appeal. (Whitaker Decl. ¶ 11, Ex. 8 & Ex. 7 at Dkt. 11 & 21 - 24.)

### 5.    Plaintiff's "Election Fraud Complaint" And Second M.D. Fla. Litigation.

On January 11, 2025, Plaintiff filed an unsigned "Election Fraud Complaint" against Defendants using Florida form DS-DE #34 with Florida's Department of State, State Attorney's Office, Office of Statewide Prosecution, Department of Law Enforcement, Elections Commission, and Commission on Ethics, and also filed it in his dismissed Eleventh Circuit appeal and separately with the M.D. Fla. (Whitaker Decl. ¶ 12 & Ex. 9.) The M.D. Fla. opened a new case as a result, *Mishiyev v. Sundar Pichai and YouTube, LLC*, 8:25-cv-00095-MSS ("***Mishiyev IV***"). (*Id.* ¶ 13 & Ex. 10.) At its core, Plaintiff's election complaint/*Mishiyev IV* is based on the same alleged suppression and termination of his YouTube channels at issue in *Mishiyev I-III*. (*See* Ex. 9.) The M.D. Fla. *sua sponte* dismissed *Mishiyev IV* promptly on January 29, 2025 because it was not proper to file the Florida "Elections Fraud Complaint" with a Federal District Court, and directed the Clerk to strike the complaint from the record and close the case. (Whitaker Decl. ¶ 13 & Ex. 10, Dkt. 2 at 1.) The M.D. Fla. also noted its transfer of *Mishiyev III* to this District

---

[2] *Healy v. Phillips*, 1993 WL 4147192, *1 (9th Cir. Oct. 18, 1993) (28 U.S.C. § 1404 transfer order is interlocutory and not appealable before final judgment; refusing to exercise mandamus power to overturn transfer); *accord Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1346 (11th Cir. 2022) (Section 1404 transfer orders "are non-appealable interlocutory orders").

[3] Transfer Order, Dkt. 19, at 4-5.

pursuant to the forum selection clause in YouTube's TOS. (Ex. 10, Dkt. 2 at 1, n.1.) Defendants are not aware of any action taken by any agency on the meritless election complaint.

The same day he filed it, Plaintiff emailed Defendants' counsel his "Election Fraud Complaint" demanding a settlement payment of $15 Million. (Whitaker Decl. ¶ 43 & Ex. 35.) In part, Plaintiff stated:

> … You think you are going to weezle this to California and forum shop and try to get this dismissed because you're too cowardly to fight in Florida, then I will be filing another lawsuit that will NOT be transferred to CA ….
>
> You and your law firm should be ashamed of yourselves. I will be writing a big article about my experience with your firm and your clients and you will not get away with this attempt to cover up the crimes and harms that have occurred here. You are not lawyers, you're criminals in suits!
>
> I do not respect you because you're not good people if you think what's happening to me is OK!? Shame on all 3 of you attorneys, you were not raised properly. Your parents must have not taught you between right and wrong. You can take you case law and shove it up your asses!
>
> THIS IS WAR! See attached I am mailing this today and am planning on filing a new lawsuit for FLORIDA ELECTION fraud!

(Ex. 35 at 1.) Plaintiff's email is representative of the numerous harassing emails he has sent since *Mishiyev III* started, as discussed *infra* in § II.C.

**B.    Plaintiff's Filed Lawsuits Against Third-Parties Involving His YouTube Channels.**

Plaintiff's multi-front litigation war has to date also targeted five other groups unrelated to YouTube, its parent and holding companies, or Mr. Pichai: 1) a radio station company and one of its DJs; 2) a musical artist and his company; 3) several recording companies; 4) a second radio station company and five of its DJs/employees; and 5) a third radio station company and one of its DJs. (Whitaker Decl. ¶ 2 & Ex. 1.) Plaintiff's separate lawsuits against these third-parties similarly blame them for his perceived failed state of his DJ career, and allege that some of these third-parties submitted the DMCA takedown notices that caused YouTube to terminate his channels:

> *Mishiyev v. Orlando Davis and Beasley Media Group, LLC*,
> Hillsborough County, Florida Circuit Court, 2020-CA-08301 ("**Davis I**");

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

*Mishiyev v. Arlandal Orlando Davis and Beasley Media Group, LLC*,
M.D. Fla.. 2023-cv-01940-KKM-TGW ("***Davis II***");

*Mishiyev v. Khaled Mohamed Khaled, Arlandal Davis a/k/a Orlando Davis, Beasley Media Group, LLC, and We The Best Music, Inc.*,
Hillsborough County, Florida Circuit Court, 2023-CA-017047 ("***Davis III***");

*Mishiyev v. UMG Recordings, Inc., Sony Music Entm't, The Orchard Music, YT Rocket, Ingrovees, Odmedia Network, and Violent Music BV*,
M.D. Fla., 8:23-cv-01942-MSS-NHA ("***UMG***");

*Mishiyev v. iHeartMedia, Inc., Tommy Chuck, Eliseo Cierra, Jamie Ferreira, David Martinez, and Kevin Ratcliff*,
Hillsborough County, Florida Circuit Court, 2024-CA-010198 ("***iHeartMedia***"); and

*Mishiyev v. Apollo Global Mgmt., Inc., Bobby Hack, and Cox Media Group, LLC*,
Hillsborough County, Florida Circuit Court, 2024-CA-010315 ("***Cox Media***").

(Ex. 1; *see also* Whitaker Decl. ¶¶ 14-25 & Exs. 11-21.) Plaintiff asserts some or all of the same claims that he asserted against YouTube and Mr. Pichai in *Mishiyev III*, namely: 1) DMCA Section 512(f); 2) tortious interference; 3) FDUTPA; and 4) IIED. (Ex. 1; *see also* Exs. 12, 14, 16, 18 & 19.) With limited exception, Plaintiff has pursued these litigations *pro se* and without paying the filing fees by obtaining indigent status. (Ex. 1; *see also* Exs. 11, 15, 20, 21.)

Plaintiff has lost all or nearly all of his claims at the pleadings stage in each of these cases that have progressed that far. In *UMG*, the M.D. Fla. dismissed with prejudice Plaintiff's tortious interference, FDUPTA, and IIED claims because they arise from the DMCA notices and are therefore pre-empted by the U.S. Copyright Act. (Whitaker Decl. ¶¶ 22-23, Ex. 18 at 1, 3 & Ex. 19 at 14-15, 17-18.)[4]

All of Plaintiff's claims in *Davis I* were dismissed with prejudice under Florida's Anti-SLAPP statute and because they independently failed as a matter of law. (Whitaker Decl. ¶ 15 &

---

[4] The M.D. Fla. did not dismiss Plaintiff's Section 512(f) claim against the recording companies in *UMG*, although it is now subject to a defense summary judgment motion. (*Id.* ¶ 23.) This is the same claim Plaintiff asserts against YouTube and Mr. Pichai in *Mishiyev III* – except that in *UMG* Plaintiff is pursuing the only parties whom he might have a Section 512(f) claim against: the third-parties who allegedly submitted the DMCA takedown notices to YouTube. This is a critical distinction because YouTube and Mr. Pichai did not submit any DMCA notices to YouTube so they cannot be liable under Section 512(f), nor can they be liable for restricting or terminating Plaintiff's YouTube channels given YouTube's TOS.

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

Ex. 12 at 6-13.) The M.D. Fla. issued an abstention order that stayed and administratively closed *Davis II* pending final resolution of the identical, parallel state court litigation in *Davis I*. (*Id.* ¶ 17 & Ex. 14.) Notably, the M.D. Fla. explained that Plaintiff's attempt to avoid the negative state court ruling by bringing an identical case in federal court was "… vexatious, designed to harass Defendants, to waste the judicial resources of multiple courts, and to avoid the consequences of an unfavorable decision." (Ex. 14 at 8.) *Res judicata* barred Plaintiff's claims against two of the defendants in *Davis III*, which according to the state court was "nothing but a largely copied-and-pasted retread of Mr. Mishiyev's already-adjudicated, non-actionable allegations" from *Davis I-II*. (Whitaker Decl. ¶ 19 & Ex. 16 at 3-4, 7-10.)[5]

Plaintiff filed *iHeartMedia* and *Cox Media* in late December 2024, and his complaints in both cases are currently subject to motions to dismiss. (Whitaker Decl. ¶¶ 24-25 & Exs. 20 & 21.)

**C.    Plaintiff's Ongoing Harassment Of YouTube, Its Employees And Representatives.**

Plaintiff has inundated Defendants with a barrage of over 140 emails between the time their counsel formally appeared in *Mishiyev III* on November 18, 2024 and February 20, 2025. (Whitaker Decl. ¶ 26.) The majority of Plaintiff's emails: a) demand settlement payments in varying amounts up to $100 Million; b) threaten to bring additional lawsuits against YouTube and Mr. Pichai, YouTube's parent and holding companies, and their officers, employees or representatives, or add them in his other litigations (*Davis I & III*, *UMG*, and *iHeartMedia*); c) threaten criminal charges against YouTube, *et al.*, including threats to have the FBI, CIA and Department of Justice open criminal investigations against Defendants, their employees, and their counsel; d) impugn the judicial system; and/or e) threaten to continue litigating and appealing his

---

[5] On January 31, 2025, the Florida 2nd DCA reversed and remanded the dismissal in *Davis I*, relying in part on alleged false statements of copyright infringement made by Mr. Davis to YouTube (i.e., misrepresentations in DMCA notices) as support for Plaintiff's defamation and other state law claims against Mr. Davis and his radio station employer. (*See* Dkt. 44-1 at 12-13.) To the extent any of Plaintiff's claims in *Davis I* are based thereon, they are preempted by the U.S. Copyright Act. (*See* Motion to Dismiss, Dkt. 48, at § IV.E.1.) This issue of federal preemption, however, was not before the *Davis I* trial or appellate courts, but mandates dismissal with prejudice on the pleadings of all of Plaintiff's claims in *Davis I* to the extent they involve his YouTube channels (just like his similar state law claims in *UMG* and this action). Federal preemption also supports the *res judicata* dismissal in *Davis III*.

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

claims no matter if he loses – including threats to continue bringing lawsuits until he dies. (*Id.*; *see also* Exs. 22-38.) Plaintiff has also emailed YouTube and its employees directly, accusing them of criminal activity and threatening criminal prosecution. (*Id.* ¶¶ 26, 42 & Ex. 34.) In addition to his "Election Fraud Complaint" (*supra* § II.A.5.), Plaintiff has emailed Florida and federal government officials asking them to intervene in *Mishiyev III*, and threatened to involve federal law enforcement agencies. (*Id.* ¶ 33 & Ex. 25.) Just recently, Plaintiff has had the audacity to copy the Court on his harassing and extortive emails. (*Id.* ¶¶ 44, 46 & Exs. 36, 38.) Copies of some of Plaintiff's email communications are attached as Exhibits 22 – 38 to the Whitaker Declaration, and specific examples and excerpts are provided below by the type of threats Plaintiff has made.

       **1.**    **Plaintiff's Threats To Continue Filing Lawsuits And Appeals, Litigating Until He Dies, And Suing YouTube Officers Or Employees To Avoid The TOS Requirement To Litigate In California – Unless A Large Settlement Is Paid.**

Relevant excerpts from Plaintiff's emails making such threats and attempting to extort a settlement include:

… I need 10 MILLION DOLLARS or I am taking this all the way to court and we are putting the CEO on the stand to answer some questions unless you're able to weezle your way out of this in your corrupt state of CALIFORNIA who is known for covering these things up for the social media companies. … (Whitaker Decl. ¶ 30 & Ex. 22 at 1.)

Your clients should be ashamed of themselves ***I'm going to fight all of this until the day I leave this earth and I will not stop fighting and suing all of your [clients]*** until I get a settlement for my damages and or some justice! (*Id.* ¶ 34 & Ex. 26 at 1 (emphasis added).)

… your clients messed with the wrong one, we can do this for the next 10 years if you want. … I am not going to go out like this! … **this is war!** **100 MILLION DOLLAR GLOBAL SETTLEMENT OR A CLASS ACTION LAWSUIT IS COMING** …. (*Id.* ¶ 36 & Ex. 28 at 2(original emphasis).)

… Mr. Pichai who I plan to sue outside on different counts personally as he is not protected by those crooked [TOS] …. Please offer a settlement before I start dying other employees individually including the heads of the copyright departments. … (*Id.* ¶ 37 & Ex. 29).[6]

---

[6] Plaintiff promptly indicated "dying" was a typo and corrected it to "suing." (*Id.*)

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

### 2. Plaintiff's Threats To Bring New Conspiracy And Class Action Lawsuits, And Add YouTube, Mr. Pichai, And Google To His Other Lawsuits.

Email excerpts where Plaintiff made such threats and tried to extort a settlement include:

… your clients will have a CLASS ACTION lawsuit filed by me for 10 BILLION DOLLARS if I am not offered a resolution in this matter swiftly. … (*Id.* ¶ 38 & Ex. 30 at 1.)

[After being informed of the transfer to this District] OK I will be filing for civil conspiracy in the state of Florida a completely different issue I'm gonna keep on pressing forward. Please relay the message to your clients. ***We can do this for years I don't care***. (*Id.* ¶ 32 & Ex. 24 at 1 (emphasis added).)

… If you want to avoid a new lawsuit for conspiracy in Florida and or … Texas … $2,000,000 min settlement …. $10,000,000 minimum settlement if I have to file a new lawsuit for conspiracy.

\*\*\*

… I have nothing to lose if your clients think that they can recoup any legal expenses from me … they are wrong because I will … file another bankruptcy …. (*Id.* ¶ 40 & Ex. 32.)[7]

… I am going to file an amended complaint to include your clients … I'm not going away … and will file a class action lawsuit if I need to and will continue to file lawsuits for many years to come … I will have to include YouTube and google and their CEO in the amended complaint with UMG … if all parties don't offer me a settlement ….

\*\*\*

… This is going to become one big lawsuit including all of your clients and associates and employee[s] … we can settle this now before I … request 100 million dollars …. (*Id.* ¶ 35 & Ex. 27 at 2, 4-5.)

… tell your clients I'm going to have to add them as a defendant in [*iHeartMedia*] … as co conspirators. Nothing to do with your [TOS] or my videos …. If a settlement is reached by 12/31/2024 I will accept 25% of my asking after that 50% if I have to goto appeals I will be asking 15,000,000 full asking price …. (*Id.* ¶ 41 & Ex. 33 at 1.)

### 3. Plaintiff's Direct Threats To YouTube Employees And Defendants' Counsel.

Plaintiff also made direct threats to YouTube and its employees in a December 26, 2024 email he sent responding to the May 3, 2019 YouTube email considered by the Court in *Mishiyev I*. (Whitaker Decl. ¶ 42 & Ex. 34.) That May 2019 email was sent to Plaintiff by a YouTube employee named Andrew, reiterating that Plaintiff's prior channel was terminated pursuant to the TOS for repeat copyright strikes, would not be re-instated, and any new counter-notifications he

---

[7] *See also* Whitaker Decl. ¶ 31 & Ex. 23 (threatening a new $100 Million civil conspiracy lawsuit if he was not paid a $50 Million settlement by YouTube, Google, and the defendants in *Davis I-III*, *UMG*, and *iHeartMedia*).

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

submitted would be automatically rejected. (Ex. 34 at 1-2.) *Accord Mishiyev I*, 444 F.Supp.3d at 1158. Five and a half years later, Plaintiff responded on December 27, 2024, threatening:

> Hi Andrew, this email you sent me will be used as evidence in my lawsuits against your employer and YOU ... (Mr. Whitaker I am demanding the last name of this YouTube employee "Andrew" who wrote the email below). ... I am going to add you as a defendant along with YouTube and their CEO in future lawsuits please identify yourself .... Andrew I need your last name you are going to get subpoenaed and deposed under oath. ... you're going to have to pay a very big price and a possible class action lawsuit. ... if you do not respond **you will be considered obstructing justice** in my lawsuits against you and your employer. ... Do not obstruct my investigation or **you may face criminal charges**.
>
> \*\*\*
>
> I'm gonna be suing a lot of people at google and YouTube this is just the start of it ....

(Ex. 34 at 1 (emphasis added) & 3.)

### 4. Plaintiff's Additional Threats Of Criminal Prosecution And Contact With Government Agencies And Officials.

On December 2, 2024, Plaintiff emailed Florida Governor Ron DeSantis, Florida's U.S. Senator Rick Scott, the Florida Judicial Qualifications Commission, and various Florida courts asking them to stop the transfer of *Mishiyev III* to this Court and to investigate YouTube and Google for criminal conspiracy charges, among other things. (Whitaker Decl. ¶ 33 & Ex. 25 at 1-2.) Plaintiff forwarded that email to Defendants' counsel, warning "... this is just the beginning of my fight against your clients...." (Ex. 25 at 1.)

In a December 18, 2024 email, Plaintiff also threatened to file criminal complaints with several federal law enforcement agencies if he was not paid a multi-million dollar settlement:

> If we don't resolve this soon I'm going to have to call the FBI and CIA and start making complaints with the DOJ and will take whatever means necessary to put a light on what's been going on to me and maybe others like me. ... I will accept 2 million of my 10 million asking price and we [can] make this go away. ... (Whitaker Decl. ¶ 39 & Ex. 31 at 1.)

As already discussed, Plaintiff filed an "Election Fraud Complaint" against YouTube and Mr. Pichai in January 2025 seeking to trigger a criminal prosecution. (*Supra* § II.A.5.) Plaintiff continues to make similar threats, even when Defendants' counsel attempts to engage in routine case administration matters like seeking a time extension: "You tell your clients I'm coming after them for criminal charges after this is done!" (Whitaker Decl. ¶ 45 & Ex. 37 at 1; *see also* Ex. 37

at 2.) Plaintiff also resorted to vulgarity, use of expletive, and screaming during that telephone conference. (*See* Ex. 37 at 2.)

Plaintiff has also made threats against, and attacked the integrity of, Defendants' Counsel. For example, Plaintiff has accused Defendants' Counsel of being "criminals in suits" and even insulted their parents for not raising them properly. (Ex. 35 at 1; *see also* Ex. 37 at 3 (responding to the filing of the Motion to Dismiss, telling Defendants' Counsel: "You people are nasty you're not gonna get away with this….").) During a standard meet and confer teleconference, Plaintiff threatened to come after Defendants' Counsel (along with Mr. Pichai) and threatened Defendants' Counsel that they will go to jail. (Ex. 37 at 2.) Plaintiff has also threatened to sue Defendants' Counsel. (*See* Ex. 27 at 2 ("This is going to become one big lawsuit including all of your clients and associates and employee[s] ….").)

As attorneys, Defendants' Counsel are officers of the court. Hence, Plaintiff is attacking and impugning the judicial system. Plaintiff has further attacked the judicial system by impugning the courts in California. (*E.g.*, Ex. 22 at 1 ("... corrupt state of CALIFORNIA … known for covering up … for the social media companies"; original emphasis); Ex. 25 at 1 ("... THE FLORIDA JUDGE APPROVED THE TRANSFER TO CALIFORNIA WHERE THE COURTS ARE FIXED IN FAVOR OF THE SOCIAL MEDIA COMPANIES …"; original emphasis); *see also* Ex. 37 at 2 ("... your corrupt state of California ….").)

**5.    Plaintiff's Threats Made In Communications Copying The Court.**

Plaintiff has also started including the Court on his harassing and extortive communications. After Defendants' counsel copied Plaintiff on their required email providing the Court with a copy of the Proposed Order Granting Defendants' Motion to Dismiss, Plaintiff sent successive email replies copying the Court, which included the following demand:

> Why don't you ask your clients to settle for a measly 100k in this case or will keep fighting for many years to come and will ask for 8 figures. … I hope we can settle this asap. This offer is valid until our conference call tomorrow. …. (Whitaker Decl. ¶ 44 & Ex. 36 at 1.)

Shortly thereafter Plaintiff responded that he did not mean to copy the Court. (Ex. 36 at 1.) However, the next day he affirmatively added the Court on an email reply he sent to Defendants' counsel following his volatile behaviour during the parties' meet and confer teleconference about

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7ᵗʰ Floor
San Francisco, California 94111

extending deadlines pending the Court's ruling on the Motion to Dismiss. (Whitaker Decl. ¶ 46 & Ex. 38 at 1; *see also id.* ¶ 45 & Ex. 37 at 2.) In this communication, Plaintiff stated in part:

> I will be filing complaints with the FBI and CIA and looking for criminal protection after this civil one is over. … tell your clients I want to put them in jail …. I'm going to press for criminal convictions and this is not going anyway soon. …. (*Id.* ¶ 46 & Ex. 38 at 1.)

## III.   ARGUMENT AND CITATION OF AUTHORITY

This Court should declare Mr. Mishiyev a vexatious litigant and enter a pre-filing screening order. Such a finding and order is necessary because "'[f]lagrant abuse of the judicial process … enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Hsu v. UBS Fin. Servs., Inc.*, 2022 WL 393206, *2-3 (N.D. Cal. Feb. 8, 2022) (Alsup, J.) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)). To prevent such abuse, the "All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). This remedy is especially applicable to *pro se* parties who are subject to fewer available sanctions than those represented by counsel, as some *pro se* litigation may never end absent a pre-filing order. *Heredia v. TTM Techs., Inc.*, 2018 WL 3566869, *2 (N.D. Cal. July 25, 2018) (Davila, J.).

While pre-filing orders are "an extreme remedy" that should not be entered "with undue haste", *Molski*, 500 F.3d at 1057, this Court has not hesitated to impose such orders where, as here, a vexatious *pro se* litigant has a history of engaging in frivolous and abusive litigation – including attempts to relitigate the same dispute. *E.g.*, *Hsu*, 2022 WL 393206 at *2-3; *Daria v. Sapient Corp.*, 2021 WL 3409243, *2-4 (N.D. Cal. Aug. 4, 2021) (Alsup, J.); *Bruzzone v. Intel Corp.*, 2014 WL 4090470, *5-8 (N.D. Cal. Aug. 19, 2014) (Alsup, J.); *Shek v. Children Hosp. Research Ctr. in Oakland*, 2013 WL 6512650, *2-4 (N.D. Cal. Dec. 12, 2013) (Alsup, J.); *Eng v. Wash. Mut. Bank, FA*, 2013 WL 622363, *2-6 (N.D. Cal. Feb. 14, 2013) (Alsup, J.). The Ninth Circuit has not hesitated to affirm vexatious litigant findings and pre-filing orders in such cases. *E.g.*, *Moore v. Wells Fargo Bank, N.A.*, 749 F. App'x 624, 625 (9th Cir. 2019) (affirming dismissal based on *res judicata* and affirming vexatious litigant order); *Dydzak v. Cantil-Sakauye*, 603 F. App'x 622, 622-23 (9th Cir. 2015) (same); *Schafler v. HSBC Bank USA*, 310 F. App'x 181

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7ᵗʰ Floor
San Francisco, California 94111

(9th Cir. 2009) (same); *Knox v. Potter*, 130 F. App'x 918 (9th Cir. 2005) (same); *Huggins v. Hynes*, 117 F. App'x 517 (9th Cir. 2004) (same).

The Ninth Circuit requires the Court to consider the following four factors to declare Plaintiff a vexatious litigant and impose a pre-filing order: "(1) notice to the litigant, (2) an adequate record for review, (3) substantive findings of frivolousness, and (4) narrowly-catered orders." *Hsu*, 2022 WL 393206 at *2 (citing *De Long*, 912 F.2d at 1147-48); *accord Molski*, 500 F.3d at 1057. Each of these factors is met here.

**A.    Factor 1: Notice And Opportunity To Be Heard.**

The first factor is procedural and merely requires that Plaintiff be given notice and a chance to oppose the order before it is entered. *Molski*, 500 F.3d at 1057-58. This requirement is met when Plaintiff is served with the underlying motion and has the chance to oppose it. *Id* at 1058; *Bruzzone*, 2024 WL 4090470 at *6. Oral argument is not necessary. *Heredia*, 2018 WL 3566869 at *4.[8] Factor one is satisfied here because this Motion is being filed and served on Plaintiff, giving him the opportunity to oppose it with a written brief.

**B.    Factor 2: Adequate Record For Review.**

The second factor is also procedural and merely requires that the Court create an adequate record for review. *Molski*, 500 F.3d at 1057, 1059. This is met by providing a list of cases, motions or other filings or conduct that supports the Court's conclusion that a vexatious litigant order is necessary. *Id.* at 1059; *accord Eng*, 2013 WL 622363 at *4 (it is not necessary to list every case involving the vexatious litigant). This record may include Plaintiff's cases against Defendants, as well as other cases against different and unrelated parties. *Eng*, 2013 WL 622363 at *4. The record may also include communications Plaintiff has sent concerning his lawsuits or his purported dispute with Defendants, including communications to third parties or government officials. *See Bruzzone*, 2014 WL 4090470 at *6.

---

[8] *Molski*, 500 F.3d at 1059 (quoting *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("an opportunity to be heard does not require an oral or evidentiary hearing" because "the opportunity to brief the issue fully satisfies due process requirements")).

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

There is more than an adequate record for review here. Defendants' Exhibit 1 provides a chart of Plaintiff's meritless lawsuits and appeals with their outcome and status, including: 1) *Mishiyev I*; 2) his abandoned state court lawsuit against YouTube and Mr. Pichai (*Mishiyev II*); 3) his current action, including his dismissed appeals of the removal from state court and the transfer to this Court, (*Mishiyev III*); and 4) his subsequent and immediately dismissed election fraud complaint (*Mishiyev IV*). (Ex. 1.) This list also includes Plaintiff's other failed and/or meritless lawsuits blaming 20 other defendants having no relation to YouTube and Mr. Pichai for the terminations of his YouTube channels and for otherwise hampering his DJ career (*Davis I-III*, *UMG*, *iHeartMedia*, and *Cox Media*.) (*Id.*) In addition, Defendants provide details of all the litigations, along with docket sheets and relevant pleadings and court orders besides this action. (*Supra* § II; Exs. 2-21.) The Court also has numerous examples of Plaintiff's harassing emails evidencing his improper attempt to extort a settlement, including emails: 1) to government officials; 2) to Defendants' Counsel; 3) sent directly to YouTube employees; and 4) copying this Court. (*Supra* § II.C.; Exs. 22-38.) Factor 2 is readily met.

## C.    Factor 3: Frivolous Or Harassing Filings And Conduct.

Factor three goes to "the heart of the vexatious litigant analysis, inquiring whether the district court made 'substantive findings as to the ***frivolous or harassing*** nature of the litigant's actions.'" *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148) (emphasis added); *accord De Long*, 912 F.2d at 1148 (finding of harassment is an alternative to frivolousness); *Hsu*, 2022 WL 393206 at *3 (Court must find litigant's action frivolous ***or*** harassing). In assessing frivolousness, the Court looks to "the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059. In assessing harassment, the Court considers whether the evidence shows Plaintiff has an intent to harass Defendants or the courts. *De Long*, 912 F.2d at 1148; *Bruzzone*, 2014 WL 4090470 at *6. Although the Court need only find one or the other, Plaintiff's actions here are ***both frivolous and harassing***.

This action is the third of four attempts by Plaintiff to litigate against YouTube and Mr. Pichai the same dispute over YouTube's lawful conduct in terminating his YouTube channels. This Court's affirmed judgment in *Mishiyev I* bars Plaintiff's claims under the doctrine of *res*

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

*judicata*. Hence, Plaintiff's repeated attempts to relitigate the same dispute over the course of different lawsuits "is vexatious in and of itself and is dispositive", and establishes Plaintiff's "inten[t] to harass the defendants by filing multiple suits on the same subject matter." *Shek*, 2013 WL 6512560 at *3; *Eng*, 2013 WL 622363 at *5; *see also Daria*, 2021 WL 3409243 at *3 (declaring plaintiff vexatious litigant for repeatedly suing defendants over same dispute); *Cunningham v. Singer*, 2015 WL 124572, *4 (N.D. Cal. Jan. 8, 2015) (Alsup, J.) (same where plaintiff brought successive suits in federal and state court).

Plaintiff cannot avoid this result by hiding behind his changing legal theories in his successive actions because they are all based on the same underlying facts, conduct, and dispute. *See Shek*, 2013 WL 6512560 at *3. Moreover, there is so much more to Plaintiff's frivolous and harassing conduct here. Plaintiff's attempt to circumvent this Court and its prior judgment by filing this action in Florida state court, then pursuing meritless appeals of the removal to the M.D. Fla. and subsequent transfer to this Court, continues his similar tactics from *Davis I-III* of pinballing between federal and state courts seeking a more favorable outcome after losing in one court or the other. As the M.D. Fla. aptly found in *Davis II*, Plaintiff's "tactic is vexatious, designed to harass Defendants, to waste the judicial resources of multiple courts, and to avoid the consequences of an unfavorable decision." (Ex. 14 at 8.) This Court should reach the same conclusion here.

Furthermore, Plaintiff did not survive the pleadings stage in *Mishiyev I*, would not have survived the pleadings stage had he not abandoned *Mishiyev II*, had his case almost immediately dismissed *sua sponte* in *Mishiyev IV*, and should not survive the pleadings stage here either (*see* Dkt. 48). *See Bruzzone*, 2014 WL 4090470 at *7 (vexatious litigant's repeated lawsuits failed at pleadings stage). His appeals in this case have likewise failed at the earliest stage possible, and he has been repeatedly rebuffed by the Eleventh Circuit in his attempts to reinstate that appeal. Plaintiff's other litigations also lack merit, and have failed at the pleadings stage in *Davis I-III* and in *UMG*. Indeed, Plaintiff's same state law claims asserted here were dismissed with prejudice in *UMG* due to the incurable legal defect of federal preemption, and his recently-revived claims in *Davis I* should also be dismissed on the same grounds to the extent they are based on his

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

terminated YouTube channels.[9] Plaintiff is also facing pleadings challenges which he is likely to lose in *iHeartRadio* and *Cox Media*.

Plaintiff's pattern and practice of filing duplicative lawsuits against different groups of defendants asserting the same claims (DMCA § 512(f), tortious interference, FDUPTA, and IIED), for the identical alleged harm (his failed DJ career), further establishes his vexatiousness here. *See Molski*, 500 F.3d at 1051-52 (noting district court's finding that plaintiff's "numerous and similar complaints were 'contrived and not credible'"). Plaintiff is not just re-litigating the same dispute over and over again with YouTube and Mr. Pichai; he has done the exact same thing with the defendants in *Davis I–III*, and he is litigating the same dispute with the other groups of defendants in *UMG*, *iHeartMedia*, and *Cox Media*. Plaintiff's attempt to hold six different unrelated groups of defendants separately liable for his same alleged injury further cements his vexatious conduct. *Cf. Cunningham*, 2015 WL 124572 at *5 ("without any factual basis, [plaintiff] alleges that the defendants all engaged in an elaborate conspiracy to violate his … rights").

Plaintiff's harassing conduct is also established by his unrelenting attempts to extort millions of dollars from YouTube and Mr. Pichai. Plaintiff's own words repeatedly prove that his motivation for his repeated lawsuits is to extract settlement payments from Defendants. Plaintiff has repeatedly declared "war" against YouTube, Mr. Pichai, their actual legal affiliates (Google and Alphabet), and their officers, employees and representatives, making it crystal clear he will never stop bringing lawsuits and will file for bankruptcy to avoid responsibility for any legal fees or other damages he causes Defendants. Plaintiff's latest tactic is to hurl vulgarities at Defendants and their counsel. Plaintiff's emails undeniably prove his intent to harass Defendants. *Heredia*, 2018 WL 3566869 at *1, 6 (finding plaintiff's intent was to harass based on four post-filing emails: 2 demanding settlement, and 2 using explicit language); *see also Molski*, 500 F.3d at 1052

---

[9] Similarly, while his DMCA claim barely survived the pleadings stage in UMG (and differs in an outcome-determinative way from his DMCA claim here because in UMG he actually sued someone who submitted a takedown notice as opposed to YouTube and Mr. Pichai who did not), Plaintiff is likely to lose that claim on the UMG defendants' pending summary judgment motion.

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

1    (affirming finding that plaintiff intended to harass defendants into paying settlements based on his

2    history of bringing and settling numerous similar lawsuits). Indeed, the handful of emails in

3    *Heredia* found sufficient to declare the plaintiff vexatious pales in comparison to the sheer

4    volume and nature of Plaintiff's harassing communications here.

5         Plaintiff's repeated threats of criminal prosecution and his attempts to solicit law

6    enforcement and other government agencies and officials to pursue criminal investigations or

7    interfere with this action also establish Plaintiff's harassing conduct. This Court has found

8    harassment based on a plaintiff's email to the defendant's representatives, government officials,

9    and law enforcement agencies accusing the defendant and their representatives of crimes and

10   seeking their prosecution or arrest. *E.g.*, *Bruzzone*, 2014 WL 4090470 at *4-5, 6, 7 (quoting

11   excerpts from one email plaintiff sent to the Department of Justice and noting other similarly-

12   themed emails which the Court described as "distressing", "misguided and inappropriate"). Here,

13   Plaintiff has sought to have the executive and legislative branches of the United States and the

14   State of Florida interfere with this federal judicial case, tried to trigger a Florida state criminal

15   investigation through a meritless election fraud complaint, and tried to intimidate Defendants and

16   YouTube employees through direct communications falsely accusing them of criminal conduct

17   and threatening criminal prosecution. Plaintiff's attempt to gain leverage for an absurd settlement

18   amount when Defendants (and YouTube's employees) have done nothing wrong is more than

19   "distressing", "misguided and improper". *See id*. at *6. Plaintiff's conduct reeks of bad faith, and

20   at minimum would violate professionalism standards if carried out by an attorney.

21        Finally, Plaintiff has also shown an utter disdain for the judicial system and has become so

22   bold as to make his threats and extortion attempts directly in front of the Court. The fact Plaintiff

23   is brazen enough to copy the Court on such emails further shows that formal intervention by the

24   Court is needed here. Without such judicial intervention, Plaintiff will no doubt continue to make

25   good on his threats to harass and improperly litigate for years to come unless he is forced to stop.

26        In sum, Plaintiff's litigation history and his own words clearly establish his personal

27   vendetta and intent to wage a never-ending litigation "war" against YouTube, Mr. Pichai,

28   YouTube's actual affiliated companies, and their officers, employees, and representatives. *See*

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

*Bruzzone*, 2014 WL 4090470at *7 (plaintiff found to be a vexatious litigant with personal vendetta against defendants based on similar conduct and evidence). The evidence undeniably establishes the frivolous ***and*** harassing nature of Plaintiff's actions and conduct. Factor three is readily met.

**D.    Factor 4: Narrowly Tailored Order.**

The final factor requires the remedial order "be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061; *see also Hsu*, 2022 WL 393206 at *3 (pre-filing order must "closely fit the specific abuse encountered"). A pre-filing screening order limited in scope to restrict Plaintiff from "'reopen[ing] litigation based on the facts and issues decided in' previous lawsuits brought against the same or nearly the same group of defendants" is sufficient to meet this requirement. *Hsu*, 2022 WL 393206 at *3 (quoting *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1526 (9th Cir. 1986)); *accord Daria*, 2021 WL 3409243 at *3.

Defendants respectfully submit that the following scope for the proposed pre-filing order is sufficiently narrow, appropriately tailored, and necessary here. The pre-filing order should require screening of any new case brought by Plaintiff (or any business or entity which Plaintiff owns, controls, or otherwise has any interest in, "***Plaintiff's Business***") in this District, or any case removed or transferred to this District:

1) against YouTube, Mr. Pichai, any of their affiliated companies (Google, Alphabet, XXVI Holdings), or any of their officers, employees or representatives; and

2) involving YouTube's TOS, platform or services, Plaintiff's use of YouTube, or Plaintiff's work as a DJ or his efforts to run for political office.

Any such case should first be subject to this Court's pre-filing review to determine if it is duplicative or frivolous before it is docketed by the Clerk and allowed to proceed. *E.g.*, *Daria*, 2021 WL 3409243 at *3-4; *Bruzzone*, 2014 WL 4090470 at *8.

Plaintiff (or Plaintiff's Business) should also be required to make a showing in writing that any new complaint within the scope of the pre-filing order is not barred by *res judicata*, which Plaintiff must submit with any new complaint. *Daria*, 2021 WL 3409243 at *3 (pre-filing order requiring plaintiff "clearly and succinctly explain why her claims sidestep *res judicata*"). Given

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

his history of avoiding filing fees, Plaintiff (or Plaintiff's Business) should also be required to pay the filing fees for any such new case brought before the Court undertakes the pre-filing review, to help ensure Plaintiff thinks twice before filing additional frivolous lawsuits. *See Scott v. Weinberg*, 2007 WL 963990, *5 (W.D. Wash. March 26, 2007) ("If plaintiff is 'unwilling to … prepay filing fees, such a decision may be a good indicator of the merits of the case.'") (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)); *see also Stebbins v. Google LLC*, 2023 WL 6139454, *10 (N.D. Cal. Aug. 31, 2023) (Alsup, J.) (extending pre-screening review to all future actions where plaintiff seeks *IFP* status).

The screening requirements should apply regardless of whether Plaintiff (or Plaintiff's Business) proceeds *pro se* or is represented by counsel. *E.g.*, *Daria*, 2021 WL 3409243 at *3. This is warranted because Plaintiff was represented by counsel in *Mishiyev I*, has claimed he will retain counsel for his appeals, and has copied his prior counsel from *Mishiyev I* and his counsel for the *Davis I* appeal on many of his communications with Defendants' counsel (including his February 20, 2025 email copying this Court). (*E.g.*, Whitaker Decl. ¶ 27 & Ex. 38.) If Plaintiff (or Plaintiff's Business) does retain counsel in the future for any new case within the scope of the pre-filing order, such counsel should be required to certify by sworn declaration under penalty of perjury that they have undertaken a sufficient pre-suit investigation as required by Rule 11 of the Federal Rules of Civil Procedure, and explain to the Court why counsel believes the new suit is not barred by *res judicata* and is meritorious. *See DNA Sports Performance Lab, Inc. v. MLB*, 2022 WL 1092493, *4 (N.D. Cal. April 12, 2022) (Alsup, J.).

Finally, requiring that the pre-filing order apply to all applicable cases Plaintiff (or Plaintiff's Business) files in another court that are removed or transferred to the Northern District of California is also reasonable and necessary. *See, e.g.*, *Bates v City of San Jose*, 2021 WL 3727073, *9 (N.D. Cal. Aug. 23, 2021) (issuing pre-filing review order for vexatious litigant's lawsuits filed in the District or filed in other courts and removed to the District), *aff'd* 2023 WL 3034819, *1 (9th Cir. April 21, 2023), *cert denied* 144 S.Ct. 188 (Oct. 2, 2023). Plaintiff has an established history of trying to circumvent the YouTube TOS forum-selection clause, and has repeatedly threatened that he will try do so with any new cases he may bring. In such instances,

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

1  the removed or transferred action should be immediately stayed once in this District while it is

2  subjected to the pre-filing order and review as if originally filed in this District.

3  **IV.   CONCLUSION**

4      For the foregoing reasons, Plaintiff Erik Mishiyev should be declared a vexatious litigant in

5  the Northern District of California and subjected to an appropriate pre-filing review order.

6

7  Dated: February 21, 2025          **BRYAN CAVE LEIGHTON PAISNER LLP**

8                        By: */s/ Damon J. Whitaker*
                               Damon J. Whitaker

9

10                       Attorneys for Defendants
                         YOUTUBE, LLC and SUNDAR PICHAI

*Bryan Cave Leighton Paisner LLP*
*3 Embarcadero Center 7th Floor*
*San Francisco, California 94111*