BRYAN CAVE LEIGHTON PAISNER LLP
Rachel Matteo-Boehm (California State Bar No. 195492)
rachel.matteo-boehm@bclplaw.com
3 Embarcadero Center, 7th Floor
San Francisco, CA 94105
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Damon J. Whitaker (*pro hac vice*)
damon.whitaker@bclplaw.com
1201 W. Peachtree Street NW, 14th Floor
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIK MISHIYEV, <br><br> Plaintiff, <br><br> vs. <br><br> YOUTUBE, LLC and SUNDAR PICHAI, <br><br> Defendants. | Case No. 24-cv-08661-WHA <br><br> Hon. William H. Alsup <br><br> **REPLY IN SUPPORT OF DEFENDANTS YOUTUBE, LLC AND SUNDAR PICHAI'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR ENTRY OF PREFILING ORDER** <br><br> [Filed concurrently with Second Declaration of Damon J. Whitaker, Esq.] <br><br> Action Filed: October 17, 2024 <br> Transferred to this District: December 3, 2024 <br> Assigned to this Court: January 10, 2025 <br> Hearing Date: April 10, 2025 <br> Hearing Time: 8:00 am <br> Trial Date: None |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND FOR ENTRY OF A PREFILING ORDER**

Plaintiff Erik Mishiyev's ("***Plaintiff***") response (Dkt. 56) to YouTube, LLC's and Sundar Pichai's (collectively, "***Defendants***") Motion to Declare Plaintiff a Vexatious Litigant (Dkt. 54, "***Vexatious Litigant Motion***"), along with his unabated continuing extortion attempts and harassment of Defendants, each separately confirm that this action is vexatious and harassing and that judicial intervention is necessary to stop this *pro se* litigant's flagrant abuse of the judicial process and harassment of Defendants, their employees, and their representatives.

**I.   ARGUMENT**

**A.   Defendants Established That Plaintiff Should Be Declared A Vexatious Litigant, and Plaintiff Waived Any Defense To The Vexatious Litigant Motion.**

The Vexatious Litigant Motion established all four factors to declare Plaintiff a vexatious litigant and impose a pre-filing order: 1) notice to Plaintiff and an opportunity to be heard; 2) an adequate record for review; 3) frivolous *or* harassing conduct (**both** exist here); and 4) narrowly tailored relief. (Dkt. 54 at § III.) Plaintiff does not dispute any of the facts, and his opposition fails to respond to ***any*** of Defendants' arguments. (Dkt. 56). Plaintiff has therefore waived the issue, and the Vexatious Litigant Motion should be granted. *See, e.g.*, *Linder v. Golden Gate Bridge, Highway & Transp. Dist.*, 2015 WL 4623710, *4 (N.D. Cal. Aug. 3, 2015) (Conti, J.) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"; int. quot. and cit. omit.).[1]

---

[1] Plaintiff's only attempted arguments – that he did not want to sue in this Court, and that a Florida state court did not declare him a vexatious litigant in his *Davis III* case (which did not involve YouTube and Mr. Pichai) – fail. First, Plaintiff's attempt to avoid this Court and litigate in Florida is itself vexatious and harassing, as the Middle District of Florida has explained. (Dkt. 54 at 16.) Second, the decision in *Davis III* does not address Plaintiff's attempt to circumvent this Court's final judgment in *Mishiyev I* and re-litigate his lost claims against YouTube and Mr. Pichai in this action (which alone is grounds to grant this motion), let alone his other harassing and vexatious behavior directed specifically at Defendants and their counsel, which is at issue here. (Dkt. 55 at ¶¶ 18-19; Dkt. 56 at 3; Dkt. 54 at §§ II.A.&C. & III.C.)

**B.   Plaintiff's Vexatious And Harassing Conduct Continues Unabated.**

Plaintiff's vexatious and harassing conduct continues unabated and undeterred despite the filing of Defendants' Vexatious Litigant Motion. Plaintiff continues his attempts to extort hundreds of millions of dollars from Defendants through threats of new and never-ending lawsuits, criminal investigations and prosecutions, and now stoops to baseless accusations that Defendants, their attorneys, and law firms are bribing the Court and other public officials. (2nd Whitaker Decl., ¶¶ 2-6 & Exs. 39, 40, 41 & 42.)[2] For example, the very next morning after Defendants filed the Vexatious Litigant Motion, Plaintiff made yet another extortion attempt, once again threatening criminal prosecution and threatening to continue filing new lawsuits if he was not paid hundreds of millions of dollars:

> …. THIS GLOBAL SETTLEMENT OF **$100,000,000 MILLION DOLLARS** IS GOOD UNTIL 3/21/2025 AFTER THAT … **$200 MILLION DOLLARS** ….
>
> \*\*\*
>
> … you'd be fools if you didn't think of the possibility of the FBI or CIA watching these cases that could possibly turn into criminal. …
>
> \*\*\*
>
> I have said enough and will continue to file away until counsel can convince their clients this is a losing battle and eventually I will prevail even if I have to wait another 3 years.

(Ex. 39 (orig. emphasis).)

Just days later, Plaintiff copied the Court on an email string with the Florida Attorney General's Office, through which he sought criminal prosecutions against Defendants, and even threatened to sue that agency if it did not pursue Plaintiff's requested criminal investigation. (Ex. 40 at 2 ("I am looking for criminal prosecution …" and "... send this to your boss and the feds and cia ….") & 3 ("If the government doesn't investigate this I may have to bring a lawsuit against your office next ….").)

Plaintiff then topped that off with his recent bribery accusations in yet another email sent directly to the Court, accusing Defendants, their counsel of record, and all law firms Defendants

---

[2] If Plaintiff were represented by counsel, his attorney would not be able to threaten criminal charges to obtain an advantage in this civil dispute. *See* Cal. Rules of Pro. Conduct 3.10(a); Fla. Bar R. 4-3.4(g).

hire of donating to public officials and the Northern District of California to influence the outcome of lawsuits in their favor. (Ex. 41 at 1.) Plaintiff also continued his threats of perpetual litigation in that communication:

> "... I'm going to file a lawsuit against your clients, those firm and the federal and local government … I have to play the cop and detective now and will file lawsuits in Florida until this is resolved."

(*Id.*) Plaintiff then continued his vexatious tactics by threatening to add YouTube and Mr. Pichai to another of Plaintiff's lawsuits if Defendants did not pay him off.[3] (Ex. 42.)

Even his recent conduct which occurred since Defendants filed their Vexatious Litigant Motion merits declaring Plaintiff a vexatious litigant. *See, e.g.*, *Woodhouse v. U.S. Govt.*, 2022 WL 2232521, *7 (C.D. Cal. June 10, 2022) (extending vexatious litigant order to cover Alphabet, Inc. and Google LLC, where, shortly after Alphabet filed its vexatious litigant motion against plaintiff and his company, plaintiff sent Alphabet's counsel five emails threatening criminal prosecution unless he was paid hundreds of millions of dollars). It is also clear from his most recent conduct that Plaintiff's threats, extortion attempts, and other harassing and vexatious conduct will continue unless the Court stops it.

In sum, Plaintiff received notice of the Vexatious Litigant Motion, had the full response period under Local Rule 7-3(a), and filed a short and unsubstantial written response – while continuing his extortionist conduct without even the slightest hesitation – that leaves no doubt that Plaintiff's self-proclaimed litigation "war" against YouTube and Mr. Pichai will not end unless he is declared a vexatious litigant and is subject to a pre-filing order. *See Heredia v. TTM Techs., Inc.*, 2018 WL 3566869, *2 (N.D. Cal. July 25, 2018) (*pro se* parties are subject to fewer available sanctions than parties represented by counsel, and pre-filing order may be the only way to end some *pro se* litigations). Accordingly, the Court can and should grant the Vexatious Litigant Motion without a hearing. *E.g.*, *Patterson v. Goncalves*, 2014 WL 4683222, *2 n.1, *3

---

[3] On March 6, 2025, Plaintiff filed a duplicative combined lawsuit against the third-party companies he sued in *Davis I-III*, *UMG*, *iHeartMedia*, and *Cox Media*, and their CEOs, as he faces negative rulings in his prior pending cases against those companies. *See Mishiyev v. Beasley Media Group, LLC, et al.*, Hillsborough County, Florida Circuit Court, No. 25-CA-001914.

1  (N.D. Cal. Sept. 19, 2014) (Breyer, J.) (granting vexatious litigant motion without a hearing
2  where plaintiffs sent an irrelevant letter to the Judge in lieu of filing written opposition briefs).

## II. CONCLUSION

For the foregoing reasons, and those set forth in the Vexatious Litigant Motion, the Court should declare Plaintiff Erik Mishiyev a vexatious litigant and enter the requested pre-filing order against him in the Northern District of California.

Dated: March 12, 2025         **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Damon J. Whitaker*
   Damon J. Whitaker

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI