BRYAN CAVE LEIGHTON PAISNER LLP
Rachel Matteo-Boehm (California State Bar No. 195492)
rachel.matteo-boehm@bclplaw.com
3 Embarcadero Center, 7th Floor
San Francisco, CA 94105
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

Damon J. Whitaker (*pro hac vice*)
damon.whitaker@bclplaw.com
1201 W. Peachtree Street NW, 14th Floor
Atlanta, GA 30309
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIK MISHIYEV,<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC and SUNDAR PICHAI,<br><br>Defendants. | Case No. 24-cv-08661-WHA<br><br>Hon. William H. Alsup<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date: April 10, 2025<br>Time: 8:00 am<br>Place: Courtroom 12 |

Pursuant to the Standing Order For All Judges Of The Northern District Of California – Contents of Joint Case Management Statement; this Court's Supplemental Order To Order Setting Initial Case Management Conference; this Court's February 25, 2025 Order re Motion to Change Time [Dkt. 58]; Local Rule 16-9; and Fed. R. Civ. P. 26(f), Defendants YouTube, LLC and Sundar Pichai (collectively, "**Defendants**") respectfully submit this Case Management Statement. Counsel for Defendants conferred telephonically with *pro se* Plaintiff Erik Mishiyev ("**Plaintiff**") pursuant to Rule 26(f) on March 27, 2025. In light of Plaintiff's *pro se* status, Defendants submit a separate Case Management Statement pursuant to Civil Local Rule 16-9(a). Defendants provide their positions below, indicating their understanding of Plaintiff's positions where noted and based on Plaintiff's statements during the Rule 26(f) conference and in emails he wrote and sent.

1. **Jurisdiction and Service**

YouTube was properly served with the Complaint through its registered agent. Mr. Pichai, the CEO of YouTube's parent company, Google LLC, was never served, and Plaintiff did not allege personal jurisdiction over him. Nevertheless, Mr. Pichai has appeared given that Plaintiff's Complaint is meritless and there is no possible claim against Mr. Pichai.

This Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction under 28 U.S.C. §§ 1331, 1332(a)(1), and 1367(a). (*See* Notice of Removal, Dkt. 1.) Venue is proper in this District pursuant to the binding and mandatory forum-selection clause of the YouTube Terms of Service. Following Defendants' removal of this action from the Pasco County, Florida Circuit Court to the U.S. District Court for the Middle District of Florida, the Middle District of Florida properly transferred the action to this District pursuant to 28 U.S.C. § 1404(a) in accordance with the unbroken line of cases enforcing the forum-selection clause in the YouTube Terms of Service. (Transfer Order, Dkt. 19.)

Plaintiff disputes that this District is the proper forum and is attempting to appeal the Middle District of Florida's Transfer Order to the Eleventh Circuit Court of Appeals. Defendants submit the appeal is improper because, among other reasons, there is no appellate jurisdiction over the interlocutory transfer order. *See infra* § 10.

**2.     Facts**

YouTube's free online video-sharing service allows users to upload videos to their channels on the YouTube website and view other user's videos. Plaintiff is a self-employed DJ who used several YouTube channels on which he uploaded videos that contained copyrighted songs owned by others. Third-party copyright owners objected to his alleged infringing activities by submitting numerous takedown notices to YouTube pursuant to the Digital Millennium Copyright Act ("**DMCA**"), resulting in the removal of his videos and termination of Plaintiff's YouTube channels in 2018 and 2019 (as allowed by and consistent with YouTube's Terms of Service, "**TOS**").

In 2019, Plaintiff sued YouTube and its parent company, Google LLC, asserting claims for breach of YouTube's TOS, negligence, and intentional interference with contract and prospective business relations based on the removal of Plaintiff's videos and termination of his YouTube channels. This Court determined that YouTube's actions were lawful and dismissed Plaintiff's claims with prejudice. The Ninth Circuit affirmed, and the Supreme Court denied certiorari. *Mishiyev v. Alphabet, Inc., et al.*, 444 F.Supp.3d 1154 (N.D. Cal. 2020) (Alsup, J.), *aff'd* 857 F. App'x 907 (9th Cir. 2021), *cert. denied* 142 S.Ct. 873 (2022) ("**Mishiyev I**").

The current action is the third time Plaintiff has sued YouTube (and the second time he has sued Mr. Pichai) based on the same termination of his YouTube channels resolved in *Mishiyev I*.[1] Hence, Defendants refer to this current action as *Mishiyev III*. In addition to re-alleging the 2018 and 2019 removal of his videos and termination of his channels, Plaintiff also alleges that he created new channels since *Mishiyev I*, which were also restricted or terminated after he once again received numerous third party DMCA infringement complaints. As explained in Defendants' pending motion to dismiss [Dkt. 48], Plaintiff's new channels are an attempt to circumvent the restrictions and removals of his channels from *Mishiyev I*, which itself is a material breach of YouTube's TOS.

---

[1] Shortly after the Ninth Circuit affirmed the dismissal in *Mishiyev I*, Plaintiff sued YouTube and Mr. Pichai in Florida state court over the same dispute ("**Mishiyev II**"), but he abandoned that case after he was denied indigent status and failed to pay the filing fee. *See infra* § 10.

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

In short, the current action is based on the same facts and dispute, and continuation of the same conduct, that this Court resolved in YouTube's favor in *Mishiyev I*. Plaintiff is seeking yet another bite at the apple, and moreover improperly names Mr. Pichai as a co-defendant solely because he is CEO of YouTube's parent and holding companies. This suit, and Plaintiff's conduct in connection therewith, is vexatious and harassing. (*See* Dkt. 54.)

**3.     Legal Issues**

Plaintiff asserts the following claims based on the same facts:

(1)   The same tortious interference claim Plaintiff lost in *Mishiyev I* (Count I);

(2)   Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.* (Count II, "***FDUTPA***");

(3)   Misrepresentations in DMCA notice, 17 U.S.C. § 512(f) (Count III); and

(4)   Intentional infliction of emotional distress (Count IV, "***IIED***").

At this time, the legal issues include:

(1)   Whether Plaintiff's action is barred by the doctrine of res *judicata*;

(2)   Whether YouTube and Mr. Pichai can be liable under 17 U.S.C. § 512(f) for misrepresentation(s) in DMCA takedown notices neither of them made;

(3)   Whether Plaintiff's claims are barred by YouTube's Terms of Service;

(4)   Whether Plaintiff's claims are barred by the First Amendment;

(5)   Whether Plaintiff's state law claims, which are all based on the alleged DMCA notices, are preempted by the U.S. Copyright Act;

(6)   Whether Plaintiff's state law claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("***CDA***");

(7)   Whether Plaintiff's claim for tortious interference is barred where: a) it is based on YouTube's alleged interference with its own alleged relationship with Plaintiff; and b) where Defendants did not unlawfully interfere with any other unidentified business relationship;

(8)   Whether Plaintiff's FDUTPA claim is: a) barred by the California governing-law provision of the TOS; and b) is also barred because the exercise of YouTube's contractual rights under the TOS is not a deceptive or unfair practice;

(9)   Whether Plaintiff's IIED claim is barred because: a) enforcing YouTube's TOS would not be outrageous or extreme conduct; and b) Plaintiff's alleged harm does not meet the "high bar" of "severe emotional distress"; and

(10)  Whether Plaintiff is a vexatious litigant who should be subject to a pre-filing order.

### 4. **Motions**

Currently pending before the Court are two motions filed by Defendants, which are fully briefed and scheduled to be heard on April 10, 2025, at the same time as the Initial Case Management Conference:

(1) Defendants' Motion To Dismiss Complaint With Prejudice ("**Motion to Dismiss**") [Motion and briefings at Dkt. 48-49, 50-51, 59]

(2) Defendants' Motion To Declare Plaintiff A Vexatious Litigant And For Entry Of A Pre-Filing Order ("**Vexatious Litigant Motion**") [Motion and briefings at Dkt. 54-55, 56, 60]

### 5. **Amendment of Pleadings**

The time for Plaintiff to amend his complaint without leave of Court expired on March 12, 2025, and Plaintiff has not sought leave to amend. Regardless, Defendants' Motion to Dismiss should be granted and this action dismissed with prejudice because any amendment would be futile. Further, permitting any amendment by Plaintiff would expose Defendants to the very burdens of vexatious litigation that the doctrine of *res judicata* is intended to prevent and that the CDA is also meant to avoid. *E.g.*, *Montana v. U.S.*, 440 U.S. 147, 153-54 (1979) (*res judicata* "protects … from the expense and vexation attending multiple lawsuits …"); *Fair Hous. Council v. Rommates.Com*, 521 F.3d 1157, 1174-75 (9th Cir. 2008) (en banc) (Section 230 protects parties "not merely from ultimate liability, but from having to fight costly and protracted legal battles").

Plaintiff contends he should be allowed to amend his complaint because he asserts this case should be in Florida. This is unfounded and irrelevant. No matter what legal theories he may try to assert against YouTube and Mr. Pichai, "Plaintiff's claims are subject to the [parties'] forum selection clause because they relate to YouTube's removal of Plaintiff's content" from YouTube's platform and service, hence, the TOS mandates the litigation of this case in this Court. (Transfer Order, Dkt. 19 at 4, 5.) Further, Plaintiff's claims are futile regardless of where he tries to litigate.

### 6. **Evidence Preservation**

Defendants certify that they have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("**ESI Guidelines**"). Defendants have taken their normal and customary preservation efforts with respect to litigation.

Defendants submit it is premature to engage in discussions with Plaintiff regarding ESI collection and production until the Court rules on the pending Motion to Dismiss and the Vexatious Litigant Motion. Should the action proceed past the pleadings stage, Defendants will meet and confer with Plaintiff in accordance with such deadlines as this Court may set at the Case Management Conference.

**7.     Disclosures**

Rule 26(a)(1) initial disclosures are premature given the Motion to Dismiss and Vexatious Litigant Motion, and Defendants lodged their objections to making such disclosures at this time during the Rule 26(f) conference as required by Fed. R. Civ. P. 26(a)(1)(C). Instead, initial disclosures should only be made at an agreed upon date after the Court's ruling on the Motion to Dismiss, and after the pleadings have closed. Given Plaintiff's vexatious and threatening conduct throughout this matter (*see* Vexatious Litigant Motion), initial disclosures should only be made after the Court also rules on that motion, to minimize any continuation of Plaintiff's threats and harassment of Defendants, their officers, employees, and representatives.

Plaintiff contends that the case should proceed into discovery immediately.

**8.     Discovery**

Defendants submit that all discovery is premature and should be stayed until after the Court's ruling on the Motion to Dismiss, and should only commence after the pleadings have closed. If this action proceeds to the close of the pleadings, Defendants will meet and confer with Plaintiff to discuss a discovery plan.

Plaintiff contends that the case should proceed into discovery immediately.

**9.     Class Action**

This is not a class action.

**10.    Related Cases**

The following closed cases are related to this action (*Mishiyev III*):

(1) *Mishiyev v. Alphabet, Inc., et al.*, 444 F.Supp.3d 1154 (N.D. Cal. 2020) (Alsup, J.) (Rule 12(b) (dismissal with prejudice), *aff'd* 857 F. App'x 907 (9th Cir. 2021), *cert. denied* 142 S.Ct. 873 (2022) (*Mishiyev I*) [*See* Related Case Order, Dkt. 38].

5

Defendants' Case Management Statement　　　　　　　　　　　　　　　Case No. 24-cv-08661-WHA

(2) *Mishiyev v. YouTube, LLC and Sundar Pichai*, Hillsborough County, Florida Circuit Court, Civil Action No. 2021-CA-07563 (dismissed May 20, 2022) (*Mishiyev II*).

(3) *Mishiyev v. Sundar Pichai and YouTube, LLC*, M.D. Fla., 8:25-cv-00095-MSS (improper election fraud complaint *sua sponte* dismissed and stricken January 29, 2025 shortly after plaintiff filed it) ("**Mishiyev IV**").

Plaintiff has also pursued two appeals to date in this action:

(1) *Mishiyev v. YouTube, LLC and Sundar Pichai*, Florida Second District Court of Appeal, No. 2D2024-2855 (appeal of Defendants' removal to M.D. Fla.; dismissed Jan. 30, 2025 for lack of jurisdiction).

(2) *Mishiyev v. YouTube, LLC and Sundar Pichai*, U.S. Court of Appeals for the Eleventh Circuit, Appeal No. 24-14050-H (appeal of M.D. Fla.'s transfer of case to this Court; dismissed Jan. 3, 2025; reinstated March 13, 2025).

Although Plaintiff's appeal of the Transfer Order was reinstated, it will not proceed unless the Eleventh Circuit grants Plaintiff's pending motion for *in forma pauperis* status or Plaintiff pays the docketing and filing fee. (And even if the appeal proceeds past that stage, there is no appellate jurisdiction over the interlocutory Transfer Order, so the appeal should be dismissed by the Eleventh Circuit in due course. *E.g.*, *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1346 (11th Cir. 2022) (Section 1404 transfer orders "are non-appealable interlocutory orders"); *Healy v. Phillips*, 1993 WL 4147192, *1 (9th Cir. Oct. 18, 1993) (28 U.S.C. § 1404 transfer order is interlocutory and not appealable before final judgment).)

**11.     Relief**

Plaintiff's Complaint seeks an unspecified amount of compensatory damages, attorney's fees (despite proceeding *pro se*) and costs, and injunctive relief relating to his terminated accounts and/or channels on the YouTube platform. Defendants submit that Plaintiff is not entitled to any relief in this action.

Defendants submit they are entitled to relief in the form of an order declaring Plaintiff a vexatious litigant and a pre-filing order protecting Defendants from further harassing and vexatious litigations brought by Plaintiff. (*See* Dkt. 54-55 & 60.)

**12.     Settlement and ADR**

Defendants do not believe that ADR or settlement discussions will be fruitful. This action should be dismissed with prejudice for the reasons set forth in the Motion to Dismiss. In their

Vexatious Litigant Motion, Defendants have also detailed Plaintiff's harassing and vexatious conduct, including his ongoing attempts to extort an unreasonable settlement payment. Defendants therefore ask the Court to exempt this case from the ADR process or defer making an ADR referral until after ruling on dispositive motions pursuant to Civil Local Rule 16-8(d)(3).

**13.   Other References**

Defendants do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Plaintiff contends this case is suitable for arbitration, but did not explain why.

**14.   Narrowing of Issues**

Defendants have not identified any issues that can be narrowed by agreement or additional motion at the present time. Defendants will meet and confer with Plaintiff about any issues that might be narrowed, if warranted, following the Court's ruling on the Motion to Dismiss and Vexatious Litigant Motion.

**15.   Expedited Trial Procedure**

Defendants submit that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

Plaintiff disagrees, without explanation.

**16.   Scheduling**

Defendants submit that it is premature for the parties to discuss or agree on a discovery schedule at this time. Instead, Defendants submit that discovery should be stayed pending the Court's decision on Defendants' Motion to Dismiss and until the pleadings have closed.

Plaintiff contends the case should proceed immediately.

**17.   Trial**

Defendants submit that it is premature to set trial length or dates, and premature for them to formulate a view at this time regarding the expected length of any trial in the event that this action proceeds past the motion to dismiss stage.

**18.   Disclosure of Non-Party Interested Entities or Persons**

Defendants have complied with Civil Local Rule 3-15 by filing their Certification of

Interested Entities or Persons. (Dkt. 3-4 and 29-30.)

Plaintiff filed his Local Rule 3-15 Certification on March 27, 2025 after the parties' case management conference, identifying many of the individuals and entities he has sued in his separate litigations in Florida who are not affiliated with, or otherwise related to, Defendants here. (Dkt. 66.) The only non-party identified by Plaintiff that is related to YouTube and Mr. Pichai is Google LLC.

**19.    Professional Conduct**

All attorneys of record for Defendants have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.

Plaintiff is not represented by counsel but was informed of the existence of these guidelines.

**20.    Other**

Defendants submit that the Court's ruling on their Vexatious Litigant Motion will further facilitate the just, speedy and inexpensive disposition of this matter.

**21.    Junior Lawyer Opportunities**

In accordance with this Court's Supplemental Order to Order Setting Initial Case Management Conference, concerning junior lawyers, a junior associate in Bryan Cave Leighton Paisner LLP's San Francisco office attended the Rule 26(f) conference, has contributed and will play an active role in the proceedings in this matter to the extent the Motion to Dismiss is not granted.[2] Counsel for Defendants have discussed this Court's directives regarding junior lawyers with their clients, and will work with their clients to identify more substantial opportunities for the junior lawyer to participate if the action proceeds beyond the pleadings stage. Given these discussions and the pending Motion to Dismiss, Defendants submit there is no need for client representatives to attend the Case Management Conference to discuss this issue.

---

[2] The junior associate is not identified at this time due to Plaintiff's harassing threats to Defendants' counsel as set forth in the Vexatious Litigant Motion, which have continued since the briefing on that motion closed.

Bryan Cave Leighton Paisner LLP
3 Embarcadero Center 7th Floor
San Francisco, California 94111

Dated: April 3, 2025

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: *<u>/s/ Damon J. Whitaker</u>*
Damon J. Whitaker

Attorneys for Defendants
YOUTUBE, LLC and SUNDAR PICHAI