UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIK MISHIYEV,

    Plaintiff,

  v.

YOUTUBE LLC, and SUNDAR PICHAI,

    Defendants.

No. C 24-08661 WHA

**ORDER RE MOTIONS TO STAY, TO DISMISS, AND TO DECLARE PLAINTIFF VEXATIOUS**

## INTRODUCTION

In this déjà vu "deplatforming" action, defendants move to dismiss and to declare plaintiff vexatious. Plaintiff moves to stay. For reasons below, the complaint is dismissed.

## STATEMENT

The complaint alleges a decades-long contest between rival disc jockeys (and record labels) in which defendant video-sharing platform and its parent company's chief executive officer colluded with favored DJs to "shadow ban" plaintiff DJ and to process sham copyright takedown notices to remove his content but not his counternotices to restore it — causing him to lose ad revenues. So, plaintiff filed eleven lawsuits. This is the second heard in this court.

The instant complaint's allegations from 2007 to early 2020 are familiar from the prior action. Recall why those allegations failed. *Mishiyev v. Alphabet, Inc.* ("*YouTube I*"), 444 F.

Supp. 3d 1154 (N.D. Cal. Mar. 13, 2020), *aff'd*, 857 F. App'x 907 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 873 (Jan. 18, 2022).  YouTube LLC did not have general duties to Erik Mishiyev, or none implicated by removing his content.  He did not have contractual relationships with third parties, either, or none implicated: "The money plaintiff earned 'from' his subscribers came from YouTube pursuant to YouTube's agreement with plaintiff." *Id.* at 1161.  And, YouTube did not breach contractual promises:  YouTube had not promised it would distribute all his videos to all his fans, nor that it would treat all content equally.  *Id.* at 1156–60.

For that same period, this complaint now posits collusion between YouTube and third-party record labels requesting takedowns (Compl. ¶¶ 28–32).  Continuing from early 2020 to present, it alleges more shadow-banning and takedowns (¶ 76–77).  And, it newly describes Mishiyev's content uploaded to YouTube as "FAIR USE" and political (¶¶ 12, 21, 23).

Specifically, the new complaint alleges (1) intentional infliction of emotional distress, (2) intentional interference with business relations, (3) unfair trade practices under Florida law, and (4) takedown-related misrepresentations under the Digital Millenium Copyright Act.

This action was filed in Florida state court, removed, and transferred here under a forum-selection clause and Section 1404(a) — an order Mishiyev appealed (Dkt. Nos. 1, 19, 39).

We now hear substantive motions for the first time.  *First*, Mishiyev requests to stay until he exhausts his appeal of the transfer order (*see* Dkt. Nos. 50, 70).  *Second*, defendants move to dismiss, citing *res judicata* as one basis (Dkt. Nos. 48, 59).  Pichai joins this motion while preserving his challenge that Mishiyev did not serve him.  Mishiyev opposes (Dkt. Nos. 50, 56).  *Third*, defendants move to declare Mishiyev a vexatious litigant in our district (Dkt. Nos. 54, 55, 60).  He opposes (Dkt. Nos. 50, 56).  This order follows briefing and oral argument.

**ANALYSIS**

1. **MOTION TO STAY.**

The Court of Appeals for the Eleventh Circuit has dismissed for lack of jurisdiction Mishiyev's appeal of the transfer (Dkt. No. 82).  *Mishiyev v. YouTube, LLC*, No. 24-14050, Dkt. No. 35 (11th Cir. Apr. 24, 2025).  Mishiyev's motion to stay is **DENIED.**

2. **MOTION TO DISMISS.**

    A. **RES JUDICATA.**

The claims through January 2020 are barred by res judicata. *See Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1306 (9th Cir. 2022); *Aiwohi v. Bank of Am.*, Civ. No. 22-00312 JAO-RT, 2023 WL 2614244, at *3 (D. Haw. Mar. 23, 2023) (Judge Jill Otake). *First*, judgment was reached in *YouTube I*. *Second*, that action involved one defendant here (YouTube), and another defendant (Alphabet, Inc.) then and now in privity with the other one here (Sundar Pichai). *Finally*, it concerned the same facts from which the claims here were brought or could have been brought.

Mishiyev does not persuade otherwise. He first argues he has found new "evidence that, with reasonable diligence, could not have been discovered" before (Compl. ¶¶ 7–11). But this concedes the basic overlap in claims. And, Rule 60 provides a pathway to reopen judgment for this reason, which closed one year after judgment. Mishiyev next argues he shifted from alleging YouTube's removal of his content as a unilateral failure to alleging YouTube's removal of his content as a multilateral ploy. But that concedes core facts in common. "At bottom, this action" — then and now — "is about YouTube's decision to terminate plaintiff's account and disable the channels associated with it." *YouTube I*, 444 F. Supp. 3d at 1156.

Defendants seek to bar the full complaint. But res judicata does not foreclose claims of later or worsening conduct. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326–28 (1955).

The claims for relief from acts prior to February 2020 are **DISMISSED WITH PREJUDICE.**

    B. **OTHER FAILURES TO STATE A CLAIM.**

        (i) *Intentional Infliction of Emotional Distress.*

Mishiyev alleges intentional infliction of emotional distress (Compl. ¶¶ 84–88). But the commercial acts he alleges, even if infected with animus beyond what he has pleaded so far, are not actionably extreme. *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 810 (9th Cir. 2024).

Mishiyev's claim for relief from emotional distress is **DISMISSED WITH PREJUDICE.**

3

#### *(ii)   Tortious Interference.*

Mishiyev alleges new instances of tortious interference (Compl. ¶¶ 49–55). But he again "fails to identify any contract between himself and a third party." *YouTube I*, 444 F. Supp. 3d at 1161. "The money plaintiff earned 'from' his subscribers came from YouTube pursuant to YouTube's agreement with plaintiff." *Ibid.* Mishiyev repeatedly has failed to plead otherwise.

Mishiyev's claim for relief from tortious interference is **DISMISSED WITH PREJUDICE.**

#### *(iii)   Unfair Trade Practices.*

Mishiyev asserts Florida's unfair trade practices law (Compl. ¶¶ 56–64). This order sets aside whether federal law shields or preempts this liability, as well as whether any choice-of-law provision in the parties' contract precludes raising it. We focus on the post-2020 acts.

To state a claim under Florida's law, the plaintiff must show that "a deceptive act or unfair practice" caused injury. *Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*, 746 F. Supp. 3d 1342, 1355–56 (M.D. Fla. 2024) (Judge Roy Dalton, Jr.) (quoting *Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d Dist. Ct. App. 2008)); FLA. STAT. § 501.204(1). Mishiyev protests YouTube's continued shadow-banning and copyright-related takedowns, including removing his content without letting him respond fully. But Mishiyev's complaint also alleges his account was earlier terminated by YouTube, the subject of the prior complaint. And, under the terms of service Mishiyev invokes, YouTube may prevent a terminated user from "circumvent[ing]" termination (Dkt. No. 49-1 Exh. A at 5–6, 9). YouTube was within its rights to keep Mishiyev and his content off its platform once YouTube identified Mishiyev and his content. For this and other reasons, Mishiyev's claims thus boil down to YouTube choosing its preferred partners and terms. Neither is an unfair trade practice. *Wesley Fin. Grp.*, 746 F. Supp. 3d at 1357. No amendment could solve these fundamental defects.

Mishiyev's claim for relief from unfair trade practices is **DISMISSED WITH PREJUDICE.**

#### *(iv)   Misrepresentations in Copyright Takedown Notices.*

Mishiyev's claims under the Digital Millenium Copyright Act are foreclosed. Section 512(f) imposes liability for damages incurred "as the result of the service provider relying upon [a copyright notice-related] misrepresentation." This law does not fathom making service

providers like YouTube liable for fooling themselves — nor could factual allegations support such a claim. Moreover, the circumstances explained above also foreclose restating this claim against the third parties involved in submitting copyright notices (putting aside whether such claims would be precluded by parallel litigation Mishiyev has brought against them (Dkt. Nos. 83–84)). Recall Mishiyev's complaint alleges his termination from YouTube and invokes the terms of service. That Mishiyev lacked authorization from YouTube to upload content means Mishiyev will be unable to plausibly allege damages flowing to him from misrepresentations that he furthermore lacked authorization from copyright holders to upload content.

Mishiyev's claim for relief under Section 512(f) is **DISMISSED WITH PREJUDICE.**

### 3. MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT.

Defendants move to declare Mishiyev vexatious (Dkt. No. 54). Mishiyev has brought many state and federal suits related to the above events — eleven so far (*see* Dkt. No. 55; Dkt. No. 61 ¶ 9; Dkt. No. 66-1 at 2). But defendants fail to show that a pre-filing order in this district would redress any identified vice. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir 2007) (per curiam) (re tailoring). Mishiyev has filed exactly one suit here. He has filed ten afield, one transferred here. Defendants do not adequately explain why extreme pre-filing relief should be granted, if at all, in a jurisdiction extreme from the place of these filings. The motion seeking a pre-filing order is **DENIED.**

### CONCLUSION

The motion to stay is **DENIED AS MOOT.** The motion to dismiss (Dkt. No. 48) is **GRANTED.** Nothing remains of the complaint. Further amendment (*e.g.*, Dkt. Nos. 83–84) is futile for reasons above. The motion to declare plaintiff vexatious (Dkt. No. 54) is **DENIED.**

IT IS SO ORDERED.

Dated: April 28, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE